# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CHERYL BAGGS-FRY, an individual,** )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**BOARD OF COUNTY COMMISSIONERS OF MCCURTAIN COUNTY; MCCURTAIN COUNTYY ex rel. MCCURTAIN COUNTY SHERIFF'S OFFICE; KEVIN CLARDY, individually and in his official capacity; KYLER CLARDY, individually and in his official capacity; and BRUCE SHIREY, in his official capacity as McCurtain County Sheriff,** )<br>)<br>Defendants, )<br>)<br>and )<br>)<br>**KEVIN CLARDY, individually, and KYLER CLARDY, individually,** )<br>)<br>Counter Claimants, )<br>)<br>vs. )<br>)<br>**CHERYL BAGGS-FRY, an individual,** )<br>)<br>Counter Defendant. ) | **Case No. CIV-24-328-JFH-SPS** |

## REPORT AND RECOMMENDATIOIN

Before the Court is Defendant Board of County Commissioners of McCurtain County, and McCurtain County ex rel. McCurtain County Sheriff's Office's Motion to Dismiss and Brief in Support ("Motion to Dismiss") [Docket No. 14]. Plaintiff, Cheryl Baggs-Fry, an individual, brought this civil rights action pursuant to 41 U.S.C § 1983. The Court referred this case to the

undersigned Magistrate Judge for all further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636 [Docket No. 24]. Defendants, Board of County Commissioners of McCurtain County, Oklahoma, and McCurtain County ex rel. McCurtain County Sheriff's Office now move this Court to dismiss the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the undersigned Magistrate Judge recommends that the Motion to Dismiss be [Docket No. 14] GRANTED.

## BACKGROUND

Plaintiff filed her Petition in the District Court of McCurtain County, Oklahoma on July 9, 2024, against the Board of County Commissioners of McCurtain County, Oklahoma ("McCurtain BOCC"), McCurtain County ex rel. McCurtain County Sheriff's Office ("McCurtain MCSO"), Kevin Clardy, individually and in his official capacity as McCurtain County Sheriff, and Kyler Clardy, individually and in his official capacity. *See* Docket No. 2-2. Plaintiff alleges several causes of action pursuant to 42 U.S.C. section 1983, and claims for false imprisonment, false arrest, malicious prosecution, libel, slander, and negligence under the Oklahoma Governmental Tort Claims Act, all of which stem from her alleged wrongful arrest on July 14, 2023. *Id.* Plaintiff, a process server, was attempting to serve Sheriff Kevin Clardy. She alleges that, after several unsuccessful attempts, she approached Kevin Clardy's house, where a law enforcement vehicle was parked in the driveway. Plaintiff claims she was cut off by Reserve Deputy Kyler Clardy and that Kyler Clardy arrested her. Plaintiff alleges she was detained for approximately 60 to 90 minutes, then released. *Id.*

The case was removed to this Court on September 13, 2024 [Doc. 2]. On January 21, 2025, a Motion to Substitute was filed [Doc. 43]. Fed. R. Civ. P. 25(d) requires that when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending, the officer's successor is automatically substituted as a party. Previously, Kevin Clardy served as the Sheriff of McCurtain County and was named as a party to this action in his

official capacity as Sheriff. However, Kevin Clardy's last day as Sheriff was January 1, 2025. The current Sheriff of McCurtain County is Bruce Shirey. Therefore, by operation of Fed. R. Civ. P. 25(d), Sheriff Bruce Shirey automatically replaced Kevin Clardy as a named party to this suit, in his official capacity as Sheriff of McCurtain County. Fed. R. Civ. P. 17(d) provides that "[a] public officer who sues or is sued in an official capacity may be designated by official title rather than by name, but the court may order that the officer's name be added." The Motion to Substitute was granted on February 6, 2025 [Doc. 44].

McCurtain BOCC and McCurtain MCSO now move to dismiss the claims against them asserting that the claims are duplicative. *See* Docket No. 22. For the reasons set forth below, the undersigned Magistrate Judge recommends that the claims against McCurtain BOCC and McCurtain MCSO be dismissed.

### ANALYSIS

"In considering a Rule 12(b)(6) motion, the court must accept all well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1284 (10th Cir. 2008). "To survive a motion to dismiss under rule 12(b)(6), a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Schrock v. Wyeth, Inc.*, 727 F.3d 1272, 1280 (10th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2006)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in [her] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). This requires a determination as to "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal

theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (quoting *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)).

### I. MOTION TO DISMISS

Plaintiff's Complaint asserts various causes of action under both federal and state law against McCurtain BOCC, McCurtain MCSO, and McCurtain County Sheriff Kevin Clardy, in his official capacity.[1] Defendants contend, *inter alia*, that the claims against McCurtain BOCC, and McCurtain MCSO should be dismissed as being entirely duplicative of the claims against Sheriff Bruce Shirey, in his official capacity as Sheriff of McCurtain County. *See* Docket No. 14, p. 4.[2] Plaintiff responds in opposition that McCurtain BOCC, and McCurtain MCSO are properly named Defendants and, as such, should not be dismissed. Upon review of the relevant case law, the Court agrees that Plaintiff's claim against McCurtain BOCC, McCurtain MCSO and Sheriff Shirey in his official capacity are duplicative, and that McCurtain BOCC, and McCurtain MCSO should be dismissed as duplicative parties.

"[A] section 1983 suit against a municipality and a suit against a municipal official acting in his or her official capacity are the same." *Stuart v. Jackson*, 24 F. App'x 943, 956 (10th Cir. 2001) (quoting *Myers v. Okla. Cnty. Bd. Of Cnty. Commr's*, 151 F.3d 1313, 1316 n.2 (10th Cir. 1998); *Ky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits [are] . . . in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity.") (internal citations omitted). Moreover, under 19 Okla. Stat. § 4, as amended in 2019, "the correct means by which to name a county as a defendant in an action involving § 1983 claims . . . is to name the appropriate county officer in his

---

[1] As noted *supra*, the Court granted the Motion to Substitute Bruce Shirey, in his official capacity as Sheriff of McCurtain County, Oklahoma on February 6, 2025 [Doc. 44].
[2] Defendants also allege Plaintiff has failed to support various other claims asserted in her Complaint. Considering the Court's ruling, *infra*, that Plaintiff shall be granted leave to amend, the Court does not address these arguments on the merits at this time.

or her official capacity, *not* the Board." *Kirkendall-Heller v. Bd. of Commr's*, 2021 WL 2371348, *1 (W.D. Okla. 2021) (emphasis added); 19 Okla. Stat. § 4 ("Suit may be brought against a county by naming a county officer . . . when it is alleged that such officer in his or her official capacity is directly or vicariously liable to plaintiff in an action not arising out of contract.").

Plaintiff requests that, to the extent her claims against McCurtain BOCC and McCurtain MCSO are duplicative, the Court treat McCurtain BOCC and McCurtain MCSO as "one and the same" defendant and permit the claims against both to proceed in this lawsuit. *See* Docket No. 20, pp. 5-9. In support, Plaintiff cites an unpublished Order issued in this District Court in *Lynch v. Board of County Commissioners of Muscogee County, Oklahoma*, 16-cv-247-JFP, Docket No. 60, pp. 4-6 (E.D. Okla. March 31, 2017), where this Court denied a motion to dismiss Muskogee BOCC upon finding the Board was properly named as a party. Importantly, this decision was issued prior to the Oklahoma statutory amendment, and this issue is distinguishable from the issue of whether McCurtain BOCC and McCurtain MCSO are duplicative parties.

Dismissal of the superfluous claims against McCurtain BOCC and McCurtain MCSO are thus warranted here for the sake of judicial economy and efficiency. *See Foreman v. Okla. Cnty. Sheriff*, *4-5, 2022 WL 2513384, *2 (W.D. Okla. July 6, 2022) (dismissing, without prejudice, claims against Board of County Commissioners for Oklahoma County as duplicative); *Hayes v. Owen*, 2023 WL 2716579, *6 (N.D. Okla. Mar. 30, 2023) ("The Court agrees with the Board that plaintiffs' claims against the Board are redundant with its claims against Sheriff Owen in his official capacity."). As a matter of judicial economy, the undersigned Magistrate Judge thus recommends that the claims against McCurtain BOCC and McCurtain MCSO be dismissed without prejudice.

## II. LEAVE TO AMEND

Plaintiff requests leave to amend her Complaint in the event the defendants, McCurtain BOCC and McCurtain MCSO are dismissed. Federal Rule of Civil Procedure 15(a)(2) provides

that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, the Magistrate Judge recommends Plaintiff be granted leave to amend.[3]

## CONCLUSION

Accordingly, the undersigned Magistrate Judge hereby recommends that Defendants' Motion to Dismiss [Docket No. 14] be granted as set forth herein, and Plaintiff be granted leave to amend. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

**IT IS SO ORDERED this 2nd day of April, 2025**.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Defendants Sheriff Kevin Clardy and Kyler Clardy have also filed a Motion to Dismiss [Doc. 21]. In Plaintiff's Response to said motion, she has requested leave to amend her Complaint as well [Doc. 28].